IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EVERZEAN LARKINS,
    Plaintiff,

vs.　　　　　　　　　　　　　　　　　Case No.: 3:15cv87/MCR/EMT

CONNIE FRANCES WHIGUM,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Defendant Connie Frances Whigum ("Whigum"), a non-prisoner proceeding pro se, commenced this action by filing a document titled "Emergency Forwarding Reopening of this Case," apparently seeking to remove <u>Everzean Larkins v. Connie Whigum</u>, Case No. 2015-CC-146, from the County Court in and for Santa Rosa County, Florida, to this court (doc. 1). Whigum has also filed a motion for leave to proceed in forma pauperis (doc. 2), which will be granted.

        After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the state court matter should be remanded to the state court from which it was removed.

        In her initial pleading, Whigum states she filed an answer to Plaintiff's complaint for eviction in state court, and the parties appeared at a hearing to determine possession of property located at 4521 School Street, Bagdad, Florida (doc. 1). Whigum attached to her pleading a copy of an order issued by the state court, granting possession of the property to Plaintiff (*see id.*). Whigum states "a defendant can bring a case from circuit court," and she requests an "emergency hearing" in federal court to be heard on the issues she raised in her response to the underlying complaint (*id.*).

        The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

(a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Original jurisdiction over a case may be established where there is complete diversity and the matter in controversy exceeds the value of $75,000 (*see* 28 U.S.C. § 1332(a)), or where the action "aris[es] under the Constitution, laws, or treaties of the United States" (*see* 28 U.S.C. § 1331). Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La, 552 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)); *see also* Gully, 299 U.S. at 112–13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). "A case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402–14 (3d ed. 1998 & Supp. 2008); *see* Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); Gully, 299 U.S. at 113; *see also* Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if

defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a "substantial" one. Hagans v. Levine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974); Burns v. Windsor Inc. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns, *supra*.

In the instant case, Whigum has failed to carry her burden of demonstrating that removal is proper under the court's federal question jurisdiction. She does not allege that federal law is an "essential" element of Plaintiff's complaint for eviction. Moreover, even if Whigum asserted a federal constitutional defense to the eviction action, this does not provide a basis for removal. *See* Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."). Additionally, Whigum failed to demonstrate that removal is proper under the court's diversity jurisdiction, because there is no allegation that she and Plaintiff Larkins are citizens of different states, nor is there an allegation that the amount in controversy exceeds the value of $75,000.00.[1] Therefore, summary disposition of the notice of removal is proper. *See* Varney v. State of Ga., 446 F.2d 1368, 1369 (5th Cir. 1971) (district court did not err in remanding case without conducting a hearing where, assuming arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal); State of Ga. v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (same).

---

[1] The court notes that Whigum served a copy of her initial pleading upon Plaintiff Larkins at 6931 Chaffin Street, Milton, Florida, 32570 (*see* doc. 1).

Case No.: 3:15cv87/MCR/EMT

Accordingly, it is **ORDERED**:

Defendant's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case to the County Court in and for Santa Rosa County, Florida.

At Pensacola, Florida, this 10th day of March 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).